IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ralph L. Erwin, #51231, ) | |
| ) | Civil Action No. 6:07-0959-RBH-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

 The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

 Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

 The record reveals that the petitioner was confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for York County. The petitioner is now residing in Spartanburg County, South Carolina on parole[1] for the subject charge. The petitioner was indicted for murder at the January 1961 term of General Sessions for the York County Grand Jury. He was represented by attorneys Harley Gaston, Jr. and Robert Hayes. On March 24, 1961, the petitioner pleaded guilty as indicted

---

 [1]Parole satisfies the custody requirement of any habeas action.

to murder. He was sentenced by the Honorable James M. Brailsford, Jr., to confinement for life. The petitioner did not appeal his guilty plea or sentence.

Subsequently, the petitioner was granted parole on June 17, 1971, and his parole was revoked on August 20, 1975. The petitioner was again granted parole on January 20, 1982, and was declared an absconder on January 12, 1983, at which time a warrant was issued for the petitioner's arrest and subsequent revocation action was taken. The petitioner was apprehended and his revocation was affirmed before the parole board on July 24, 1985.

The petitioner filed an application for post-conviction relief (PCR) on October 10, 1991. An evidentiary hearing was convened on October 21, 1992, at the York County Courthouse. The petitioner raised the following issues in his first PCR:

(1) Ex Post Facto violation in that:

a. The application of the 1986 S.C. Criminal Justice Improvement Act to Applicant's case results in Applicant only being eligible for parole every two years rather than every year; and

b. The application of the 1986 S.C. Criminal Justice Improvement Act to Applicant's case results in Applicant not being eligible to participate in the SCDC work release program.

The Honorable Thomas J. Ervin, Circuit Judge, denied and dismissed the petitioner's PCR application by written order in December 1992.

The petitioner then filed a timely appeal. The South Carolina Supreme Court granted the petitioner's petition for writ of certiorari and reversed the PCR court's determination that there was not an ex post facto violation in this case. *Erwin v. State*, Memorandum Opinion No. 93-MO-286 (filed August 20, 1993). The respondent filed a motion to stay remittitur, which was denied and the remittitur was issued October 8, 1993.

2

The petitioner then filed a second PCR on October 22, 2003. The petitioner was represented by Pamela Pearson. In this second PCR application, the petitioner alleged he was being held in custody unlawfully for the following reasons (verbatim):

(1)  I was convicted under a statute which is unconstitutional; and

(2)  The statute of limitation has run out on the sentence.

The respondent made its return and motion to dismiss by way of motion for summary judgment on November 11, 2004. The second PCR court had before it the records of the York County Clerk of Court regarding the subject conviction; the petitioner's records from the South Carolina Department of Corrections; and the petitioner's prior PCR and PCR appeal records. The court granted a conditional order of dismissal dated December 29, 2004. The order was filed January 11, 2005.

In the order, the Honorable Lee Alford, Circuit Judge, granted the motion to dismiss and summarily dismissed the petitioner's second PCR application as successive to his prior application and found the allegations could have been raised in the petitioner's first application. Judge Alford also found the second PCR action should be summarily dismissed because it failed to comply with the one year statute of limitations for filing PCR actions in South Carolina. The petitioner had one year from the effective date of the statute of limitations, July 1, 1996, in which to file a PCR application, and the petitioner did not file the second PCR action until October 22, 2003. The petitioner was therefore time barred. The court gave the petitioner 20 days to show the court why the dismissal should not become final. Petitioner's counsel received the conditional order on January 20, 2005, and had until February 9, 2005, to submit reasons why the order should not become final.

On January 20, 2005, the petitioner filed a document captioned "Objections to State's Intent to Summarily Dismiss PCR Application." In this document, the petitioner argued he was not informed of any appeals process by his attorneys nor did he know of any

3

appeals process. The petitioner also argued that the statute of limitations on a life sentence was 30 years at the time of his conviction. The petitioner argued that regardless of parole violations, his sentence should have run out at 30 years. The petitioner was served with the conditional order of dismissal on February 11, 2005.

On February 15, 2005, the petitioner's attorney, Pamela Pearson, filed an Amendment to Petition for Post-Conviction Relief. The petitioner alleged three grounds in this filing:

> (1) Denial of effective assistance of counsel - The applicant claims he was not effectively represented at his original plea of 1961;
>
> (2) Denied due process of law - The applicant claims the state made error in his case by not holding a competency to stand trial hearing; and
>
> (3) Denied due process of law -The State convicted the applicant with an indictment that was not considered a "true bill." (and) It does not have an indictment number on it.

On April 27, 2005, Judge Alford found that the petitioner had not shown sufficient reason in the intervening 20 days why the conditional order should not become final. Therefore, Judge Alford ordered that for the reasons stated in the December 29, 2004, order, the petitioner's second PCR application was denied and dismissed with prejudice. The final order was served on the petitioner's counsel on April 13, 2005. The final order was filed on May 6, 2005. The petitioner received notice of entry of the order on May 9, 2005. The petitioner timely appealed the dismissal of his second PCR application by filing his appeal on May 26, 2005.

The petitioner filed a writ of certiorari following the denial of his second PCR application. His appellate counsel in this collateral matter asserted to the South Carolina Supreme Court that the appeal was without merit and requested permission to withdraw from further representation. The petitioner filed a *pro se* petition. The South Carolina

Supreme Court transferred the appeal to the South Carolina Court of Appeals. After careful consideration of the entire record as required by *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Court of Appeals denied the petitioner's petition for writ of certiorari on November 29, 2006, and granted appellate counsel's request to withdraw. The order was filed the same day. The remittitur was filed January 9, 2007.

The petitioner was subsequently paroled and resides in Spartanburg County. Since the petitioner was sentenced to life in prison, he is still under supervision of the South Carolina Department of Probation and Parole.

In his petition now before this court, the petitioner makes the following allegations (verbatim):

> (1)    Convicted under a statute which was declared to be unconstitutional.
>
> I was convicted under a statute that was declared unconstitutional by both the United States Supreme Court and the South Carolina Supreme Court. Furthermore, the statute took affect in 1962. I was convicted of it in 1961.
>
> (2)    Denied due process of law by trial counsel.
>
> My original trial counsel advised me to plead guilty to murder where the only evidence against me was a statement I made stating the shooting was an accident. This type of advice was not in the realm of competent counsel.
>
> (3)    Denied Due Process of Law
>
> The State made an error in not holding a competency to stand trial hearing, after evaluation was ordered by Judge James E. Brailsford, Jr. It is my belief that the Petitioner was not competent at the time of the hearing in 1961. See Attached Order
>
> (4)    Statute of limitations has run out on this life sentence.
>
> At the time petitioner received his life sentence, the amount of time to be served on a life sentence was thirty years with some or most defendants actually serving 12 years.

On August 28, 2007, the petitioner filed a motion for summary judgment. The respondent filed its opposition to the motion on September 4, 2007. On August 31, 2007, the respondent filed a motion for summary judgment. By order filed September 4, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion for summary judgment on September 20, 2007.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> Title 28, United States Code, Section 2244(d), provides:
>
> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

6

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondent first argues that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner's convictions became final before the enactment of the AEDPA; accordingly, the limitations period began to run with the AEDPA's effective date, April 24, 1996. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). The limitations period expired on April 24, 1997, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2).

The petitioner filed his first and only post-AEDPA PCR action on October 22, 2003, over six years and five months after the statute of limitations expired. Assuming that

7

this PCR petition tolled the period of limitations, the statute would have been tolled from October 22, 2003, until January 9, 2007, the date of the filing of the remittitur by the South Carolina Court of Appeals. Another three months passed between this date and the filing of the federal petition in this court on April 10, 2007.[2] Accordingly, even assuming that the petitioner's successive and time-barred post-AEDPA PCR action could toll the statute of limitations, which it could not, some six years and eight months of non-tolled time lapsed before the federal habeas petition was filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (Time-barred applications for state collateral review are not "properly filed" applications that trigger statutory tolling.).

Furthermore, the petitioner has offered no valid explanation as to why the statute of limitations should be equitably tolled. In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce

---

[2] It does not appear that the petitioner was incarcerated at the time of the filing of the petition. Accordingly, he would not be entitled to a *Houston v. Lack*, 487 U.S. 266, 275-76 (1988), delivery date.

8

>the limitation period against the party and gross injustice would result.

*Id.* at 330. The petitioner has failed to put forth any facts supportive of equitable tolling.

Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).

## CONCLUSION AND RECOMMENDATION

Being "mindful that Congress enacted §2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.[3]

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.[4] *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late). Further, it is recommended that the petitioner's motion for summary judgment be denied.

s/William M. Catoe
United States Magistrate Judge

January 7, 2008

Greenville, South Carolina

---

[3] The decision of the Fourth Circuit Court of Appeals in *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), is inapposite on the facts.

[4] As this court has recommended dismissal based on statute of limitations grounds, the respondent's other grounds for dismissal will not be addressed.